IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JULIAN C. FLORES,

    Petitioner,

v.                                                                           No. CV 08-692 BB/CEG

MIKE A. HEREDIA, Warden, and
GARY K. KING, Attorney General for
the State of New Mexico,

    Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before me on Julian C. Flores' ("Mr. Flores" or "Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2554, filed July 22, 2008, and his Amended Petition, filed September 25, 2008.  See docket nos. 1 and 4.  In his Amended Petition, Mr. Flores asserts that: (i) his sentence was illegally enhanced, and (ii) his trial counsel was ineffective.  Docket no. 4.  I disagree, and, for the reasons below, recommend that Mr. Flores' § 2254 petition be denied.

Background

Petitioner is in the lawful custody of the Respondent Mike Herrera, Warden, pursuant to the following state court convictions: a Judgment and Order Partially Suspending Sentence in the Third Judicial District Court, Dona Ana County, in Cause No. CR-2004-1233, entered on August 22, 2005; an Order Revoking Probation Imposing Judgment and Partially Suspending Sentence, entered April 18, 2007; a Judgment and Order Partially Suspending Sentence in the Third Judicial District, Dona Ana County, in Cause No. CR-2006-1318, entered April 16, 2007; and an Amended Judgment and Order Partially Suspending Sentence, entered May 18, 2007.  See

docket no. 9, exhibits A, E, F, and G.  The judgment was amended to run concurrent to Dona Ana County Cause No. CR-2004-1233.  Id., exhibit G.  Petitioner entered into Repeat Offender Plea and Disposition Agreements in both matters to the following charges in Cause Nos. CR-2004-1233 and CR-2006-1318: Count 1 (in the 2004 case), Aggravated Assault (Deadly Weapon); Count 2, Aggravated Stalking; Count 3, Breaking and Entering; Count 4, Violation of an Order Prohibiting Domestic Violence; Count 5, Battery; Count 1 (in the 2006 case), Aggravated Fleeing a Law Enforcement Officer; Count 2, Aggravated Driving While Under the Influence of Intoxicating Liquor or Any Drug (Refusal) (Fourth Offense); and Count 4, No Insurance.  Id., exhibit A and G.  Petitioner also admitted to being an habitual offender with one prior felony conviction in Dona Ana County Cause No. CR-1994-551, in addition to admitting to having an additional three prior convictions for Driving While Under the Influence of Intoxicating Liquor or Any Drug in Las Cruces Municipal Court, Dona Ana County Cause Nos. 1992-07-12981, 1992-07-13449, and 1995-07-36903.  Id., exhibits A, B, E, F, G, and H.  As a result, Mr. Flores was sentenced and is currently incarcerated in the Southern New Mexico Correctional Facility.

On March 19, 2008, Mr. Flores filed a petition for writ of habeas corpus in the Third Judicial District Court.  Docket no. 4 at 4; docket no. 9 at 5.  On April 1, 2008, the petition was summarily dismissed.  Docket no. 9, exhibit J.  Mr. Flores then filed a Petition for Writ of Certiorari with the New Mexico Supreme Court, which was denied.  Docket no. 4 at 4; docket no. 9, exhibit L.

Mr. Flores' Amended Petition for Writ of Habeas Corpus alleges two grounds for relief.  Docket no. 4 at 6-8.  First, Petitioner alleges at sentencing the state district court utilized prior convictions illegally to enhance his felony sentences pursuant to NMSA 1978, Section 31-18-17.

Id. at 6.  Second, Petitioner contends his counsel was ineffective for failing to contest the illegal use of prior convictions for enhancement of the sentence and for the felony DWI designation and for coercing Mr. Flores into entering into the plea agreements.  Id. at 7-8.  On November 3, 2008, Respondents filed their Answer, which essentially denies all of Petitioner's substantive claims.  Docket no. 9.

Analysis

This Court's ability to consider collateral attacks on state criminal proceedings is circumscribed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Under the highly deferential standard set forth in the AEDPA, if Petitioner's claims have been decided on the merits in a state court, a federal habeas court may only grant relief under two circumstances: (1) if the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or (2) if the state court decision "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).

A state court decision is "contrary to" Supreme Court precedent in two circumstances: (1) when "the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases;" or (2) when "the state court confronts a set of facts that are materially indistinguishable from a decision of [the Suprme] Court and nevertheless arrives at a result different from" that reached by the Supreme Court.  See Williams v. Taylor, 529 U.S. 362, 406 (2000).  A state court decision constitutes an "unreasonable application" of Supreme Court precedent if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  Id. at 413.

Thus, "[u]nder § 2254(d)(1)'s 'unreasonable application' clause, . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411; see also Thomas v. Gibson, 218 F.3d 1213, 1219-20 (10th Cir. 2000) (discussing Williams). Finally, a state prisoner seeking habeas relief based on alleged erroneous factual determinations must overcome by clear and convincing evidence the presumption of correctness afforded state court factual findings. See 28 U.S.C. § 2254(e)(1); Smith v. Mullin, 379 F.3d 919, 924-25 (10th Cir. 2004).

In his state habeas corpus proceedings, Mr. Flores stated he was "challenging his alleged prior convictions under the 2002 Amended Offender Habitual Statute" and he cites to NMSA 1978, Section 31-18-17. Docket no. 9, exhibit I at 1. Mr. Flores alleged "under the 2002 Amendment to the Habitual Offender Act and Statute § 31-18-17 any crime committed that completely expired its sentence ten years ago or longer cannot be used to enhance a sentence." Id. at 2. Mr. Flores argued the State of New Mexico illegally enhanced his conviction with stale prior convictions. Id. Specifically, Petitioner claimed the following convictions were illegally used to enhance his sentence: Dona Ana County Cause No. CR-1994-551, and Dona Ana Cause Nos. 1992-07-12981; 1992-07-13449; and 1995-07-36903. Id. The Third Judicial District found the trial court's "enhancement of [Mr. Flores'] sentence under the Habitual Offender Statute is legal" and summarily denied Mr. Flores' claim. Id., exhibit J at 2.

With respect to Mr. Flores' current writ, I have reviewed those portions of the state court record which are pertinent to the "illegal enhancement" issue raised in the application and find Petitioner has exhausted the claims in his habeas petition when he raised the claims in his state writ. The Third Judicial District Court denied Petitioner's claims. See docket no. 9, exhibit J.

Additionally, the New Mexico Supreme Court denied Mr. Flores' Petition for Writ of Certiorari. Id., exhibit L.  The Tenth Circuit Court of Appeals has held that deference to a state court decision on the merits of a federal claim is appropriate even when the state court does not expressly articulate a rationale for its decision.  See Aycox v. Lytle, 196 F.3d 1174, 1178 (10th Cir. 1999).[1]  Petitioner has not alleged or established the state court proceedings either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of federal law as determined by the United States Supreme Court or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  See 28 U.S.C. § 2254(d).  Thus, I find the "illegal enhancement" claim raised in Petitioner's application was decided on the merits and the state court decisions and record are entitled to deference in accordance with 28 U.S.C. § 2254 and the AEDPA.

With respect to Mr. Flores' ineffective assistance of counsel claim, I find Petitioner's trial counsel was not ineffective for failing to contest the use of prior convictions for enhancement of the sentence and for the felony DWI designation because the use of prior convictions was legal under New Mexico law.  Petitioner is incorrect in his assertion that the prior conviction in Dona Ana County Cause No. CR-1994-551 could not be used to enhance his

---

[1] In Aycox, the Tenth Circuit stated:

> [W]e must uphold the state court's summary decision unless our independent review of the record and pertinent federal law persuades us that its result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented . . . Our review is in fact deferential because we cannot grant relief unless the state court's result is legally or factually unreasonable.

Id.

sentence as the trial court correctly enhanced Count 1 – Aggravated Fleeing a Law Enforcement Officer – by one year. See NMSA 1978, § 31-18-17. In addressing the one year enhancement, § 31-18-17(A) states: "A person convicted of a noncapital felony in this state . . . who has incurred one prior felony conviction that was part of a separate transaction or occurrence or conditional discharge under Section 31-20-13 NMSA 1978 is a habitual offender and his basic sentence shall be increased by one year." Id. The statute further defines a "prior felony conviction" as: "a conviction, when less than ten years have passed prior to the instant felony conviction since the person *completed serving his sentence or period of probation or parole for the prior felony*, *whichever is later*, for a prior felony committed within New Mexico . . ." NMSA 1978, § 31-18-17(D)(1) (emphasis added). Petitioner did not complete his probation in the 1994 case until May 15, 1998, making the ten year time limit deadline May 15, 2008, which is well after the sentencing date in this case of April 18, 2007. See docket no. 9, exhibits O and P. Thus, his trial counsel cannot be found to be ineffective with respect to the enhancement from Mr. Flores' conviction in Cause No. CR-1994-551.

Petitioner also incorrectly asserts his trial counsel was ineffective for failing to object to three prior DUI/DWI convictions that were also used to enhance his sentence. New Mexico law permits the number of prior DWI convictions to be used to classify a fourth and subsequent offense as a felony. See NMSA 1978, § 66-8-102. Mr. Flores' conviction for Aggravated Driving While Under the Influence of Intoxicating Liquor or Any Drug (Refusal)(Fourth Offense), a fourth degree felony under New Mexico law, is proper pursuant to § 66-8-102(D)(3). Petitioner's instant DWI conviction was a fourth degree felony and unlike § 31-18-17, § 66-8-102 does not impose a restriction on the use of prior DWI convictions based on the age of those prior DWI convictions. Additionally, although Mr. Flores contends he has completely

discharged his previous three DWI convictions, two of the convictions have not been completely served and terminated because of balances imposed by the state district court for various fines. See docket no. 9, exhibits Q, R, and S.  Thus, I cannot find that Mr. Flores' trial counsel was ineffective for failing to object to Petitioner's legal sentence enhancement.

Mr. Flores' final contention – that his trial counsel was ineffective for coercing him into entering into the plea agreements – also fails.  The record refutes Petitioner's claim that his plea was "coerced."  At the time Mr. Flores' plea was accepted by the trial court, Petitioner signed a document entitled "Repeat Offender Conditional Plea Agreement" reflecting the counseled and voluntary entry of a plea of no contest.  Docket no. 9, exhibit H.  The document refutes Petitioner's claim that his plea was "coerced," as Mr. Flores agreed to plea no contest to the charges against him.  Id. at 1.  In the signed document, Mr. Flores states:

> I have read and understand the [terms of the plea agreement].  I have discussed the case and my constitutional rights with my lawyer.  I understand that by pleading no contest I will be giving up my right to a trial by jury, to confront, cross-examine and compel the attendance of witnesses and my privilege against self-incrimination.

Id. at 5.  Based on Petitioner's averments, the state court made factual determinations that Mr. Flores understood the nature, purpose and consequences of the proceeding, that the plea of no contest was knowingly and voluntarily entered, and that a factual basis for the plea existed.  Id. at 6-8.  As stated above, any factual findings made by the state courts are subject to the presumption of correctness.  See 28 U.S.C. § 2254(e).  In this case, Petitioner has failed to present clear and convincing evidence to rebut the presumption of correctness afforded the state court's findings of fact.  Id.  Therefore, Petitioner is not entitled to habeas corpus relief on his claim of ineffective assistance of counsel.

7

Wherefore,

Because Petitioner has failed to establish any violation sufficient for the review and granting of a writ permitted by 28 U.S.C. § 2254, IT IS HEREBY RECOMMENDED THAT Julian C. Flores' federal habeas corpus petition be DISMISSED WITH PREJUDICE.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the ten day period  if that party wants to have appellate review of the Proposed Findings and Recommended Disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE